IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,     )
                                      )
      Plaintiff,                 )
v.                                 )    Cr. No.: **25-cr-20353-SHL**
                                        )
                                        )
SANCHON DILLUP JONES,      )
                                        )
      Defendant.                )

## PLEA AGREEMENT

The parties herein, the defendant, Sanchon Dillup Jones (hereinafter, Dillup Jones), being represented by Murray Wells, and the United States being represented by the United States Attorney for the Western District of Tennessee and Assistant United States Attorney Raney Irwin, enter into the following Plea Agreement.

1.     Dillup Jones agrees to:

    (a)    waive her right to trial by jury and all rights attached thereto;

    (b)    plead guilty to count 1 of the Indictment in this case, which charges her with the lesser included offense of resisting a federal officer in violation of Title 18, United States Code, Section 111(a)(1);

    (c)    waive her right to appeal her conviction and any aspect of the sentence imposed if the total sentence of imprisonment imposed is within or below the sentencing guideline range as determined by the Court;

    (d)    waive any objections based on Fed. R. Evid. 410 to the use of any statements made by her in the course of the plea colloquy in any criminal prosecution;

    (e)    waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, her right to challenge the voluntariness of her guilty plea either on direct appeal, or in any collateral attack including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255;

    (f)    pay restitution to any identifiable victims who suffered losses as a result of the criminal conduct which is the subject of this plea agreement including uncharged relevant conduct and conduct that is the subject of any dismissed counts with the understanding that any Court ordered schedule

1

for restitution payments is merely a minimum payment obligation and does not limit the methods by which the United States may immediately enforce the judgment in full;

(g)  pay the $25 mandatory assessment to be imposed pursuant to 18 U.S.C. § 3013 to the United States District Court Clerk following entry of her guilty plea, and to provide counsel for the United States with evidence of payment prior to sentencing;

(h)  not to engage in any criminal conduct following entry of her guilty plea; and,

(i)  that she is pleading guilty freely and voluntarily, after having consulted with counsel, and because she is guilty.

2.  The United States agrees:

(a)  to recommend that Dillup Jones receive the maximum applicable reduction for acceptance of responsibility provided that Dillup Jones complies with all of her obligations under the terms of this plea agreement;

(b)  to recommend a sentence at the low-end of the sentencing guideline range as calculated by the Court.

3.  Dillup Jones acknowledges and understands that:

(a)  except with respect to the agreement by the United States to seek a sentence at the low-end of the guideline range, she has not been promised a specific sentence;

(b)  any estimate of the probable sentencing range she may have received from counsel, the government, or any other person/s, is a prediction not a promise and is not binding on the Court and that if the Court imposes a sentence greater than she expects, she will not be afforded an opportunity to withdraw her plea;

(c)  the maximum possible penalty the Court may impose: as to Count 1 is a term of imprisonment of 1 year, a fine of $100,000, 1 year supervised release, and a mandatory assessment of $25.00;

(d)  any recommendations made by the United States under this agreement are not binding on the Court and that if the Court rejects any such recommendations she will not be allowed to withdraw her plea; and,

2

(e)    the United States will be relieved of all obligations and restrictions imposed by the terms of this agreement, specifically, the United States will be free to use any prior statements that may have been made by Dillup Jones against her for any purpose, and will be free to seek the maximum sentence provided by law if:

   (1)    her plea of guilty is accepted and she later attempts to withdraw her plea for any reason other than the Court's rejection of the plea agreement;

   (2)    she engages in any new criminal conduct following entry of her guilty plea;

       or,

   (3)    she knowingly makes any false statements or testifies falsely at any future proceedings.

4.    No threats have been made to induce Dillup Jones to plead guilty.

5.    This plea agreement constitutes the entire agreement between the parties.


FOR THE UNITED STATES:
D. MICHAEL DUNAVANT
United States Attorney

_____
Raney Irwin
Assistant United States Attorney

3-18-26
Date

_____
Murray Wells
Attorney for Defendant

3-18.26
Date

_____
Sanchon Dillup Jones
Defendant

3/18/26
Date

FILED IN OPEN COURT
DATE: 3/18/26
TIME: 9:41
INITIALS: JAM

3